IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
2018 DEC 28 PM 12:49
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| VANESSA SAENZ, | ) |
| Plaintiff, | ) Jury Demand |
| v. | ) No. 3-18-1401 |
| LRC RESTAURANT NASHVILLE, LLC. | ) |
| Defendant. | ) |

# COMPLAINT

## The Parties

1. Plaintiff Vanessa Saenz ("Plaintiff") is a citizen and resident of Davidson County, Tennessee.

2. Defendant LRC Restaurant Nashville, LLC. is a for-profit corporation, and authorized to transact business in the state of Tennessee. It does business as FGL House and its principal place of business is 120 3rd Ave. N., Nashville, TN 37201.

3. Defendant's registered agent is Rob Pinson and can be served at 511 Union Street, Ste 2700, Nashville, Tennessee 37219.

## Nature of the Action

3. This is an action brought under the Americans with Disabilities Act as amended by the ADA Amendments Act ("ADAAA"), codified at 42 U.S.C. §§ 12101 *et seq.*

## Jurisdiction and Venue

4. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334(a). This Court also has jurisdiction of Plaintiff Saenz's ADAAA claim under 28 U.S.C. §

1

1343(a)(4) because it is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

5. Venue is proper in that Plaintiff Saenz resides in this judicial district, and the events described herein occurred in the Nashville judicial district pursuant to 28 U.S.C. § 1391(b)(2).

6. At all times material to the allegations in the complaint, Plaintiff Saenz was a covered individual under the statutes referenced herein, and she was entitled to the protections afforded under the ADAAA.

7. At all times material to the allegations in the complaint, Defendant LRC Restaurant, operated a restaurant that was open to the general public and was required to uphold the ADA Title III standards.

**Factual Allegations**

10. Plaintiff Saenz is a veteran of American Armed Forces, who has been diagnosed with a 30% disability as a result of degenerative disc disease, lumbar spine right and left knee degenerative joint disease. These conditions require her to have access to seating.

11. On or about July 6, 2018 Plaintiff Saenz presented to FGL House as a customer.

12. On that same evening, staff for the FGL House removed all of the stools and seating within the business, including the chair that Ms. Saenz had been sitting in.

13. Plaintiff Saenz, being left without any seating alternatives, informed the staff members of her disability and asked the staff members to leave a stool or chair so that she could rest.

14. The staff members of FGL House refused Ms. Saenz's request.

15. FGL House explained that it was their policy to remove all seating availability in the evening for the purpose of fitting more customers within the bar.

2

15. Plaintiff Saenz then attempted to grab a chair for herself and that was forcibly taken away from her by FGL House staff members.

16. Plaintiff Saenz was forcibly removed from FGL House after simply requesting access to seating.

17. As a result of FGL House policies and staff actions, Ms. Saenz was forced to leave the establishment.

## **Causes of Action**

18. Plaintiff Saenz incorporates by reference the allegations in the above paragraphs.

19. Plaintiff Saenz's medical condition as described in the above paragraphs was an impairment that substantially limited one or more of her major life activities, including but not limited to walking, standing, lifting, bending and working, and therefore constituted a disability under the ADA, as amended under 42 U.S.C. § 12102(2)(A)(B)

20. Under Title III of the ADA, a place of public accommodation must ensure accessibility of all services, programs, and activities by: eliminating any unnecessary eligibility criteria that screen out or tend to screen out persons with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages or accommodations; reasonably modifying policies, practices, or procedures to avoid discrimination; and ensuring individuals with disabilities are not excluded from goods, services, facilities, privileges, advantages or accommodations because existing buildings are inaccessible.

21. When Defendant LRC Restaurant made its decision not to accommodate Plaintiff Saenz, Plaintiff was being deprived access to a public facility in violation of Title III of the ADA.

22. As a result of Defendant LRC Restaurant's violation of the ADA, Plaintiff Saenz has suffered a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

### Prayer for Relief

**WHEREFORE,** Plaintiff Vanessa Saenz sues Defendant LRC Restaurant Nashville, LLC for unlawful discrimination and failure to accommodate under the ADA, as amended, and respectfully prays for the following relief:

1. That Plaintiff recover an award for compensatory damages to be determined by the jury consisting of but not limited to all lost wages, lost benefits, and pre-judgment interest;

2. For further compensatory damages to be determined by the jury consisting of non-pecuniary losses, such as mental anguish, embarrassment, humiliation, and loss of enjoyment of life;

3. Reinstatement, or in the alternative, front pay in an amount to be determined by the jury;

4. An award of punitive damages to be determined by the jury in an appropriate amount allowable by law;

5. An award of attorney fees and costs, including discretionary costs;

6. That a jury be empaneled to try the factual issues in this action; and

7. All further general and equitable relief to which Plaintiff may be entitled.

ROGERS LAW

COLE D. ROGERS  BPR 33512
901 WOODLAND ST.
NASHVILLE, TN 37206
*Attorney for Plaintiff*

4